IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gerald and Lora Williams as Personal Representatives of the Estate of Kendall Williams, | ) Civil Action No.: 4:13-1667-MGL )  ) ) |
| Plaintiffs, | ) **OPINION AND ORDER** ) |
| v. | ) ) |
| Preiss-Wal Pat III, LLC d/b/a University Village at the Coast f/k/a Chanticleer Village, and Joe Woo, | ) ) ) ) |
| Defendants. | ) ) |

Before this court is Defendant Preiss-Wal Pat III, LLC's ("Defendant") Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 7.) Having considered the motion (ECF No. 7) and responses filed (ECF Nos. 13 &15), the record, and the applicable law, the court denies Defendant's Motion to Dismiss for the reasons set forth below.

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter was removed from the Court of Common Pleas, County of Horry, South Carolina on June 18, 2013, by Defendant. (ECF No. 1.) Plaintiffs did not contest the removal. (ECF No. 13 at 2.) In their wrongful death complaint, Plaintiffs Gerald and Lora Williams as Personal Representatives of the Estate of Kendall Williams ("Plaintiffs") assert several state law causes of action relating to an incident that occurred at an apartment complex and resulted in the death of Plaintiffs' decedent. On July 16, 2013, Defendant moved to dismiss claiming that Plaintiffs' complaint failed to state a claim upon which relief can be granted. Although Plaintiffs oppose the motion, Plaintiffs state their consent to a

dismissal of their negligent supervision, negligent retention, and spoliation causes of action. (ECF No. 13.) Plaintiffs seek permission to amend their complaint or a dismissal without prejudice with leave to refile as alternative arguments should this court find that Plaintiffs failed to satisfy the applicable pleading standards. (ECF No. 13 at 6.)

## STANDARD OF REVIEW

Defendant moves to dismiss this case under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Plaintiffs' claims do not satisfy the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between

possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiffs consent to the dismissal of their negligent supervision, negligent retention, and spoliation causes of action. Accordingly, these claims are dismissed without prejudice. Plaintiffs argue that they have alleged sufficient facts supporting their claims of negligence, negligent misrepresentation, negligent hiring, South Carolina Unfair Trade Practices Act Claims, and survival and wrongful death claims. Plaintiffs seek to apply South Carolina state procedural law to this court's evaluation of the sufficiency of its complaint, but "as we are in federal court, federal pleading standards apply." *Kunelius v. Town of Stow*, 588 F.3d 1, 19 (1st Cir. 2009)(noting that the plaintiff cited a number of inapplicable cases explaining state pleading standards); *see also Bartlett v. Frederick County, Md.,* 246 Fed. Appx. 201,

203 n.2 (4th Cir. 2007) (unpublished opinion)(finding that removal of case to federal court triggered heightened pleading standard of Rule 9(b) and finding that under the circumstances, plaintiffs should be given the opportunity to amend their complaint prior to dismissal).

Accordingly, the court agrees with Defendants that, as set forth by Plaintiffs in their complaint, only conclusory allegations have been presented to support the causes of action being asserted without sufficient factual information being provided as required by *Twombly* and *Iqbal*. Still, the court does not find that dismissal of this action with prejudice would be an appropriate course of action at this early stage of the proceedings where the parties have not had an opportunity to conduct discovery. Ordinarily, "the court should freely give leave [to amend] when justice so requires" and the decision to grant or deny an opportunity to amend is within the discretion of the trial court. Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs' claims, even though conclusory as stated in the complaint, could entitle them to relief if proven. Therefore, rather than dismiss Plaintiffs' complaint in full, the court allows Plaintiffs leave to file an amended complaint to assert factual allegations which, taken as true, state a plausible claim for relief.[1] Thus, the court grants Plaintiffs fourteen days from the date of this order to amend their complaint. If the

---

[1] Plaintiffs attempt to support their claims and the allegations of their complaint by way of several exhibits submitted in conjunction with Plaintiffs' response in opposition to the motion to dismiss. If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d). Further, all parties must be given a reasonable opportunity to present material that is pertinent to the motion. *Id.* The court opts to exclude the materials Plaintiffs have submitted and instead decides the motion on the complaint alone. Neither party has suggested that the court convert the motion to dismiss into one for summary judgment and further, consideration of these materials is not necessary for the court to issue this ruling.

Defendant continues to believe, after the filing of an amended complaint, that Plaintiffs have failed to set forth sufficient factual allegations to support their claims, dismissal of this action pursuant to Rule 12(b)(6) would remain an option for further consideration.

## **CONCLUSION**

Because Plaintiffs state their consent to a dismissal of their negligent supervision, negligent retention, and spoliation causes of action, Counts IV, V, and XI of Plaintiffs' complaint are hereby dismissed without prejudice. Defendant's Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied without prejudice. The court grants Plaintiffs fourteen days from the date of this order to amend their complaint in accordance with the directives set forth in this order.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Florence, South Carolina
October 11, 2013